LEE TRAN & LIANG LLP
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendants
Biosuccess Biotech, Co. Ltd. (Cayman),
Biosuccess Biotech, Co. Ltd., (Nevada),
Chi-Ming Wu a/k/a Fred Wu, and
Zheng Tao Han

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BEN CHANG**, an Individual<br><br>Plaintiff,<br><br>v.<br><br>**BIOSUCCESS BIOTECH, CO., LTD.**, a Cayman Islands Corporation, and **BIOSUCCESS BIOTECH, CO., LTD.**, a Nevada Corporation; **CHI-MING WU A/K/A FRED WU**, an Individual; **ZHENG TAO HAN**, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No. 5:14-cv-00425-LHK<br><br>**DEFENDANT ZHENG TAO HAN'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

|   | |
|---|---|
| 1 | Defendant Zheng Tao Han ("Han" or "Defendant"), through his counsel, answers the |
| 2 | allegations in the Complaint ("Complaint") filed by Plaintiff Ben Chang ("Chang" or "Plaintiff"), |
| 3 | as set forth below. Defendant hereby reserves the right to amend his Answer as additional |
| 4 | information becomes available and additional defenses become apparent. Unless specifically |
| 5 | admitted, Defendant denies each of the allegations of Plaintiff's Complaint. |

**PARTIES**

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies them.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies them.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and therefore denies them.

**JURISDICTION AND VENUE**

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

**FACTUAL BACKGROUND**

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies them.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies them.

12. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in paragraph 12, and therefore denies them.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies them.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE CALIFORNIA LABOR CODE)

15. Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

22. Defendant incorporates by reference and realleges his response to each and every allegation set forth above, as though fully set forth herein.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

## THIRD CAUSE OF ACTION
### (*QUANTUM MERUIT*)

27. Defendant incorporates by reference and realleges his responses to each and every allegation set forth above, as though fully set forth herein.

| | |
|---|---|
| 1 | 28. Defendant denies the allegations contained in paragraph 28. |
| 2 | 29. Defendant denies the allegations contained in paragraph 29. |
| 3 | 30. Defendant denies the allegations contained in paragraph 30. |

## PRAYER FOR RELIEF

Defendants deny that Chang is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever. Each and every remaining allegation in Chang's prayer for relief is denied.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers or defenses, Defendant asserts the following affirmative defenses without prejudice to his position that he does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Chang as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

31. The Complaint fails to state facts sufficient to state a cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

32. Plaintiff's purported claims and causes of action set forth in the Complaint are barred or limited by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338 and 340, California Business and Professions Code section 17208, and/or California Labor Code sections 203 and 558.

## THIRD AFFIRMATIVE DEFENSE

### (Due Process)

33. Plaintiff's purported claims and causes of action set forth in the Complaint that seek statutory or other penalties fail to comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003), or *People ex rel Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

**FOURTH AFFIRMATIVE DEFENSE**

**(One Year Statute of Limitations for Penalties)**

34. Plaintiff's claims for statutory and/or civil penalties under the California Labor Code are barred or limited to the degree they seek an award of penalties beyond the one-year limitation period contained in California Code of Civil Procedure section 340(a).

**FIFTH AFFIRMATIVE DEFENSE**

**(No Willful Violation)**

35. Plaintiff is not entitled to any statutory and/or civil penalty award under the California Labor Code because at all times relevant to the Complaint, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code.

**SIXTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 – No Injury)**

36. Plaintiff is not entitled to recover under California Labor Code section 226 because he did not suffer any injury, as defined in Labor Code section 226(e)(2).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 – Not Knowing or Intentional)**

37. Plaintiff's claim for failure to render properly itemized wage statements is barred because Defendant did not knowingly and intentionally fail to render properly itemized wage statements; and his failure, if any, to provide such wage statements was inadvertent and/or due to clerical error.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality of Penalties under Labor Code Section 203)**

38. Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code Section 203, and any award of California Labor Code Section 203 penalties would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines

and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

**(Consent)**

39. Plaintiff was fully aware of and consented to all of the alleged acts and/or conduct of Defendant, and thus Plaintiff's Complaint is barred by the doctrine of consent.

## TENTH AFFIRMATIVE DEFENSE

**(Participatory Conduct)**

40. Plaintiff's Complaint is barred by the doctrine of participatory conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Doctrine of Avoidable Consequences)**

41. Plaintiff's claims are barred on the ground that Plaintiff unreasonably failed to use preventative and corrective measures that would have prevented all or at least some of the harm that Plaintiff alleges he suffered. Thus, his recoverable damages should be reduced and/or eliminated under the doctrine of avoidable consequences.

## TWELVETH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

42. If Plaintiff suffered any loss, damage or detriment as alleged in the Complaint or otherwise, it was directly and proximately caused and contributed to by the conduct of Plaintiff in that Plaintiff did not exercise reasonable care or caution to mitigate his damages. Plaintiff is thereby completely or partially barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Waiver)**

43. Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of waiver in that Plaintiff has waiver and/or released his right to assert the purported claims and causes of action set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

44. Plaintiff has unreasonably delayed in bringing this action against Defendant. Such delay has resulted in prejudice to Defendant such that Plaintiff is barred, in whole or in part, from seeking any relief under the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

45. Plaintiff's claims are barred, in whole or in part, from any recovery by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

46. Plaintiff's claims are barred by reason of acts, omissions, representations and courses of conduct by Plaintiff on which Defendant was led to rely to his detriment, thereby barring, under the doctrine of equitable estoppel, any claims in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

47. Defendant is entitled to an offset against any relief due to Plaintiff based upon his respective wrongful conduct and/or monies owed to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Damages Sought)

48. Plaintiff's prayers for all other damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations, or omissions of Defendant or his agents.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

49. Plaintiff's claims should be denied because Plaintiff has breached the express terms of any employment contract. Plaintiff's breach precludes any award of damages or equitable relief

to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

50. Plaintiff's claims should be denied because Plaintiff breached the implied covenant of good faith and fair dealing that runs with every written contract, and this breach precludes an award of any damages or equitable relief to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prevention of Performance)

51. Plaintiff breached any alleged employment agreement by failing to timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Defendant's performance and discharging certain obligations on the part of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Fulfill Conditions Precedent)

52. Any purported claim for breach of contract is barred to the extent Plaintiff failed to fulfill any contractual conditions precedent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Negligence or Fault)

53. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own negligent conduct or because Plaintiff is at fault in bringing about any alleged loss or harm he may have suffered.

## TWENTY-FOURTH FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

54. Plaintiff is barred, in whole or in part, from seeking any relief by the operation of the applicable statutes of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

55. Plaintiff is barred, in whole or in part, from seeking any relief because the

Complaint is frivolous and was filed in bad faith.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

56. Plaintiff's claims are barred for lack of subject matter jurisdiction.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Acquiescence and Ratification)**

57. Plaintiff's claims are barred, in whole or in part, under the doctrine(s) of acquiescence and/or ratification.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Remote and Speculative Damages)**

58. Plaintiff's claims are barred, in whole or in part, because the damages sought are excessively remote and speculative, and thus not cognizable, compensable or recoverable.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

59. Plaintiff's Complaint is barred on the ground that every action taken with respect to the conduct complained of in the Complaint was justified.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

60. Plaintiff lacks standing to bring all or a portion of the purported claims and causes of action alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

61. Plaintiff is barred from asserting any allegation in the Complaint because any recovery by Plaintiff will result in unjust enrichment.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Conduct)**

62. Plaintiff's own conduct prevents him from recovering on the purported claims or

causes of action set forth in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

63. The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of Plaintiff. Thus, the liability of Plaintiff should be apportioned according to his respective degree of fault or other legal responsibility, and the liability, if any, of Defendant should be reduced accordingly.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

64. The purported claims and causes of action set forth in the Complaint are barred, in whole or in part, because of lack of causation between Plaintiff's damages, if any, and the conduct of Defendant complained of therein.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

65. The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

66. The Complaint and each purported cause of action alleged therein are barred because Defendant fully performed any and all contractual and/or other duties they arguably owed to Plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join a Necessary and Indispensable Party)

67. Plaintiff's Complaint should be dismissed for failure to join a necessary and indispensable party.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

68. Each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Pending Legal Action, Impermissible Claim Splitting)

69. There is another action pending in the Central District of California, Case No. CV13-01340-JAK, between the same parties that involves some or all of the same causes of action in the Complaint filed in this action.

## FORTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

70. Defendant hereby reserves the right to amend this Answer and/or allege additional affirmative defenses in the event that any such additional affirmative defenses become available to Defendant.

Dated: April 14, 2014

**LEE TRAN & LIANG LLP**

By: /s/ Enoch H. Liang
Enoch H. Liang
Attorneys for Defendant ZHENG TAO HAN