LEE TRAN & LIANG LLP
  Enoch H. Liang (SBN 212324)
enoch.liang@ ltlattorneys.com
  Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
  Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN CHANG,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOSUCCESS BIOTECH, CO., LTD., a Cayman Islands corporation; BIOSUCCESS BIOTECH, CO., LTD., a Nevada corporation; CHI-MING WU a/k/a/ FRED WU, an individual; and ZHENG TAO HAN, an individual; AND DOES 1 through 50, inclusive.<br><br>    Defendants. | Case No.: 5:14-CV-00425-LHK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA WHERE RELATED CASES ARE PENDING BEFORE JUDGE KRONSTADT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[DECLARATION OF ENOCH LIANG AND [PROPOSED] ORDER FILED CONCURRENTLY]<br><br>Date:  August 28, 2014<br>Time:  1:30p.m.<br>Ctrm:  8-4th Floor |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendants Zheng Tao Han, Chi-Ming Wu, and the two Biosuccess entities (collectively "Defendants") move the Court to transfer venue pursuant to 28 U.S.C. § 1404(a) to the more appropriate and convenient forum of the Central District of California. This motion to transfer venue will be heard on August 28, 2014, in Courtroom 8 of the above-entitled Court located in San Jose, 280 South 1st Street, San Jose, CA 95113.

By this motion, Defendants seek an Order from the Northern District of California transferring this action to the United States District Court for the Central District of California. Defendants' motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Enoch Liang filed contemporaneously, argument of counsel at the hearing, and such further matters as the Court may consider.

Dated:  May 7, 2014

**LEE TRAN & LIANG LLP**

By:  /s/ Enoch H. Liang
     Enoch H. Liang
Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD

---

1

**DEFENDANTS' MOTION TO TRANSFER VENUE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ben Chang, who lives in Los Angeles, California, should have never filed this case in Northern California and should have stipulated to transfer this case to the Central District of California ("CDCAL") after this Court denied his motion to remand to state court on April 16, 2014 [*See* Dkt No. 19].

There are two cases currently pending in CDCAL before Judge Kronstadt that are related to the instant case. First, on or about February 22, 2013, Ben Chang's father Richard Chang sued Defendant Biosuccess Biotech Co., Ltd. in CDCAL, *Richard Chang v. Biosuccess Biotech Co., Ltd.*, Case No. CV13-01340-JAK for declaratory relief (the "First CDCAL Case"). Since February 2013, in the First CDCAL Case, the parties have undertaken extensive discovery, including depositions in March 2014 of the parties to this case—Ben Chang, Zheng Tao Han, Fred Wu, and Biosuccess—as well as Ben Chang's father Richard Chang. Indeed, on May 5, 2014, Judge Kronstadt even issued a summary judgment ruling in the First CDCAL Case and now the First CDCAL Case is currently set for trial on June 17, 2014. Ben Chang will undoubtedly be a key witness in the First CDCAL Case.

Later, in January 2014, Biosuccess brought a second case in the CDCAL against Ben Chang, as well as a number of entity defendants related to Ben Chang and his father Richard Chang. The causes of action asserted were for patent infringement, copyright infringement trade secret infringement, etc. That case, captioned *Biosuccess Biotech Co., Ltd. v. Rich Pharmaaceuticals, Inc.*, et. al., Case No. CV14-00310 JAK, is also pending before Judge Kronstadt (the "Second CDCAL Case"). In that case, Ben Chang has filed a motion to dismiss under FRCP 12(b)(6), set for hearing before Judge Kronstadt on Monday, May 12, 2014.

Given the extensive overlap between the First and Second CDCAL Cases and this case, given Judge Kronstadt's familiarity with the parties and their positions, and given the pending trial in the First CDCAL Case, transferring this case to the CDCAL would enhance the convenience of all of the parties and witnesses, and be in the interest of justice.

## II. STATEMENT OF FACTS

### A. The Two Related CDCAL Cases

The underlying events giving rise to this action have led to several lawsuits between the parties. There are currently two related cases pending before Judge Kronstadt in CDCAL. These cases are:

- <u>The First CDCAL Case</u>:  Richard Chang—the father of Ben Chang, the plaintiff in this case—sued Biosuccess in CDCAL on or about February 22, 2013.  In that case, Richard Chang seeks declaratory relief regarding a patent assignment agreement. [Declaration of Enoch H. Liang, ¶ 2, Ex. A.]

  In the First CDCAL Case, numerous depositions were taken in March 2014, including that of Richard Chang (Plaintiff in a companion case pending before Judge Davila, where Defendants have also filed a motion to transfer venue), Ben Chang (Plaintiff here), Fred Wu (a Defendant here), and Zheng Tao Han (also a Defendant here).  [Liang Decl., ¶ 3.]

  Judge Kronstadt issued a comprehensive 19-page single spaced ruling on May 5, 2014, including a denial of Plaintiff Richard Chang's summary judgment motion. [Liang Decl., ¶ 4, Ex. B.]  Trial is currently scheduled to start on June 17, 2014.

  In the First CDCAL Case, Ben Chang submitted a lengthy declaration, was deposed, and will be a key witness at trial in the First CDCAL Case.  [Liang Decl., ¶ 5.]

- <u>The Second CDCAL Case</u>:  In January 2014, Biosuccess sued Ben Chang (Plaintiff here), as well as a number of entity defendants related to Richard and Ben Chang in CDCAL, including Rich Pharmaceuticals, Inc.—the company that Ben Chang founded after leaving Biosuccess to directly compete with Biosuccess.  This Second CDCAL Case was related to Judge Kronstadt.  [Liang Decl., ¶ 6, Ex. C.]

  The parties have already had their Rule 16 scheduling conference in the Second CDCAL Case, filed their Joint Report on May 2, 2014, and have their scheduling conference before Judge Kronstadt on May 12, 2014.  [Liang Decl., ¶ 7, Ex. D.]

**DEFENDANTS' MOTION TO TRANSFER VENUE**

There is no question that both the First and Second CDCAL Cases involve substantially the same parties and transactions, as well as common questions of law and fact, to this case.

For example, in this case, Ben Chang asserts labor code violations and unpaid salary of $419,233—indeed, Ben Chang has filed an application for writ of attachment on this issue, also set to be heard on August 28, 2014. [*See* Dkt No. 21.] However, in the First CDCAL Case, Ben Chang *also* submitted a declaration in mid-December 2013 on this *exact same issue*. [Liang Decl., ¶ 8, Ex. E, at ¶ 15.] Below is the Ben Chang declaration from the First CDCAL Case:

> 15. I had an employment agreement with Biosuccess starting in 2007 for which I have not been fully compensated. My full annual salary of $234,000/year was never paid in full from 2007–2012, and I am currently owed an outstanding amount of $419,233.
>
> | **Ben** | **Payroll Due** | **Payroll Paid** | **Accrued Payroll** |
> | --- | --- | --- | --- |
> | 2007 | $234,000 | $148,717 | $85,283 |
> | 2008 | $234,000 | $183,871 | $50,129 |
> | 2009 | $234,000 | $167,094 | $66,906 |
> | 2010 | $234,000 | $154,159 | $79,841 |
> | 2011 | $234,000 | $182,609 | $51,391 |
> | 2012 | $234,000 | $148,317 | $85,683 |
>
> Total payroll due **$419,233**

Clearly, there is significant overlap between the First CDCAL Case, the Second CDCAL Case, and this case.

**B. The Instant Case**

Plaintiff filed this suit in Santa Clara County Superior Court on January 3, 2014. [Complaint ("Compl."), Docket Item No. ("Dkt No.") 1-1 Ex. 3.] In his complaint, Plaintiff alleges claims of California Labor Code violations, breach of contract, and *quantum meruit*. [*Id*.] Biosuccess removed this action to this Court on January 28, 2014 on the basis of diversity jurisdiction. [Notice of Removal, Dkt. No. 1.] Plaintiff moved to remand this case to the Santa Clara County Superior Court, but this Court entered an order denying that motion on April 16, 2014. [Dkt. No. 19.]

While both Plaintiff and his son Ben Chang reside in CDCAL, none of the Defendants

**DEFENDANTS' MOTION TO TRANSFER VENUE**

reside in NDCAL. Defendant Han resides in China and Defendant Wu resides in Taiwan. [*See* Dkt No. 19, at 2:11-12.] All Biosuccess directors and officers, and all but a single employee are located in Taiwan. [Declaration of Chi-Ming Wu In Support of Opposition to Plaintiff's Motion to Remand ("Wu Decl."), Dkt. No. 10-1, ¶¶ 4, 7-9.] Plaintiff has not identified any likely witnesses located in NDCAL, and most, if not all, of Biosuccess's relevant evidence is located in Taiwan or has been or will be produced in the CDCAL Actions.

## III. ARGUMENT

The Court should transfer this action to Judge Kronstadt in CDCAL, as a more convenient forum pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states in relevant part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have broad discretion to transfer under § 1404(a) "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Section 1404(a)'s broad remedial purpose is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) relying on *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19 (1960).

The decision of whether or not transfer is warranted is within the broad discretion of the trial court. 28 U.S.C. § 1404(b); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Thus, even if a venue is technically proper in the court in which the plaintiff brought the action, the court is empowered to transfer the action to another federal forum if the following requirements are met: (1) transfer of the action will enhance the convenience of the parties and witnesses, and is in the interest of justice; and (2) the proposed transferee district is one in which the action "might have been brought" originally. *Id.*

The decision of whether or not transfer is warranted under section 1404(a) is within the broad discretion of the Trial Court. 28 U.S.C. § 1404(b); *Decker Coal Co.*, 805 F.2d at 843. Resolving this issue requires the Court to make a "flexible and individualized analysis," and to

"weigh in the balance a number of case-specific factors" in order to determine whether the proposed transferee district would be a more convenient forum for the litigation. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In sum, the Court must determine that the transfer will accomplish the following: (1) enhance the convenience of the parties; (2) enhance the convenience of the witnesses; and (3) be in the interest of justice. 28 U.S.C. § 1404(a); *Decker Coal Co.*, 805 F.2d at 843.

After determining that venue is proper, courts look to the following factors to analyze whether transfer would enhance the convenience of the parties and witnesses and promote the interests of justice:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). Here, considering all of the factors, this matter should be transferred to the CDCA.

### A. This Case Could Have Been Brought in CDCAL

As a threshold issue, there is no dispute that this case could have been filed in CDCAL originally. Indeed, Ben Chang's father Richard Chang previously sued Biosuccess in the First CDCAL Case in the CDCAL. [Liang Decl., ¶ 2, Exh. A]. And Biosuccess sued Ben Chang and related entity defendants in the Second CDCAL Case. [Liang Decl., ¶ 6, Exh. C].

Similarly, Ben Chang could have sued the Defendants in this case in the CDCAL as well.

### B. Transferring this Action Will Enhance the Convenience of the Parties and Witnesses and be in the Interest of Justice

**First**, the convenience of the parties and witnesses, as well as the ease of access to the evidence favors a transfer to the CDCAL. As for the convenience of the parties, Plaintiff Ben

1  Chang resides in Los Angeles, California – squarely within CDCAL. [Compl., Dkt. No. 1-1 Ex. 3,
2  at ¶1.]

3      In contrast, none of the individual or corporate defendants reside in the NDCAL. [Wu
4  Decl., Dkt. No. 10-1, ¶¶ 1, 3, 7, 14.] As the Court has already noted, defendants Han and Wu are
5  residents of China and Taiwan, respectively, and Biosuccess's "nerve center" is in Taiwan. [Dkt.
6  No. 19, at 6:21-24.] CDCAL is clearly more convenient for Plaintiff residing in Los Angeles,
7  California, and for the defendants, CDCAL and NDCAL are equally convenient.

8       CDCAL would also be a more convenient forum for the likely witnesses to be called in
9  this case. Plaintiff Ben Chang and his father Richard Chang reside in Los Angeles. Plaintiff has
10 not indicated whether he expects to call any witnesses residing in NDCAL. Indeed, all Biosuccess
11 directors and officers, and all but a single employee are located in Taiwan. [Wu Decl., Dkt. No.
12 10-1, ¶¶ 4, 7-9.] There is only one Biosuccess employee who is currently located in the NDCAL,
13 and this employee is visiting from Taiwan. [*Id*. at ¶ 8.] Plaintiff has given no indication that this
14 visiting employee will be a witness. Considering the key depositions that will need to go forward
15 in the CDCA, as well as the lack of relevant witnesses in the NDCA, the convenience of the
16 witnesses favors a transfer to the CDCA.

17      The ease of access to the evidence also favors a transfer to CDCAL. As noted above,
18 Plaintiff and Ben Chang, and presumably any evidence in their possession, are located in the
19 CDCAL. With relevant evidence being located in the CDCAL, and no identified evidence being
20 located in NDCAL, this factor favors a transfer.

21      **Second**, the feasibility of consolidation strongly favors a transfer to CDCAL. "The
22 feasibility of consolidation is a significant factor in a transfer decision, although even the
23 pendency of an action in another district is important because of the positive effects it might have
24 in possible consolidation of discovery and convenience to witnesses and parties." *Hawkins v.*
25 *Gerber Products Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (quoting *A.J. Indus., Inc. v.*
26 *U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386-87 (9th Cir. 1974)). Furthermore,
27 "centralizing the adjudication of similar cases will also avoid the possibility of inconsistent
28

judgments." *Hawkins*, 924 F. Supp. 2d at 1214 (quoting *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09-cv-384, 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010)).

Here, there are currently two related cases pending in CDCAL which involve substantially the same parties and transactions, as well as common questions of law and fact. In fact, in his own case (pending before Judge Davila), Plaintiff's father Richard Chang filed a Notice of Related Cases with the Santa Clara County Superior Court referring to the First CDCAL Case. [Liang Decl., ¶ 9, Ex. F.] Hence, transferring this case to CDCAL would advance the interests of justice as it would permit consolidation, and avoid the possibility of inconsistent judgments. *See Hawkins*, 924 F. Supp. at 1214.

Upon transfer of this case to CDCAL[1], Defendants intend to ask Judge Kronstadt to consolidate all of the pending cases that are brought between the parties—the First CDCAL Case, the Second CDCAL Case, this case, and the currently pending case brought by Ben Chang's father Richard Chang against the same defendants here, Case No. 5:14-CV-00426-EJD.

As a result, this factor weighs strongly in favor of a transfer to the CDCAL.

**Third**, the relative local interests of CDCAL and NDCAL favor transfer. None of the parties to this action reside in NDCAL, but the CDCAL has a significant interest in this action, as Plaintiff Ben Chang (and his father Richard Chang) is a resident of that district. *See Morris v. Safeco Ins. Co.*, 2008 WL 5273719, at *6 (N.D. Cal. Dec. 2008). As a result, the CDCAL's interest in resolving this case outweighs the NDCAL, especially given the pending cases and upcoming trial before Judge Kronstadt in the First CDCAL Case.

**Fourth**, Plaintiff's choice of forum does not prevent a transfer to CDCAL. Plaintiff filed this action in the Santa Clara County Superior Court, within the NDCAL. [Compl., Dkt. No. 1-1 Ex. 3.] However, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court

---

[1] On May 7, 2014, Defendants also filed a motion to transfer to the CDCAL the case brought by Plaintiff's father, Richard Chang, against the same defendants here. That motion is currently set to be heard by Judge Davila on July 18, 2014. *See* Dkt No. 33, Case No. 5:14-cv-00426-EJD.

should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (holding that denial of motion to transfer was abuse of discretion because none of the parties were incorporated in plaintiff's chosen forum or had offices there, no witnesses resided in the chosen forum, and no evidence was located there). As noted above, all of the relevant convenience factors either favor transfer to the CDCAL or are neutral, with no evidence, parties, or witnesses located in the NDCAL. In this case, Plaintiff's choice of forum does not prevent a transfer to the CDCAL.

## IV. CONCLUSION

Defendants respectfully request that this Court transfer the instant case to the United States District Court for the Central District of California, Judge Kronstadt presiding.

Dated: May 7, 2014

                                       **LEE TRAN & LIANG LLP**

                               By:   /s/ Enoch H. Liang
                                         Enoch H. Liang
                                   Attorneys for Defendants

**DEFENDANTS' MOTION TO TRANSFER VENUE**