1  Jack Russo (Cal. Bar No. 96068)
   Christopher Sargent (Cal. Bar No. 246285)
2  ENTREPRENEURLAW GROUP LLP
   401 Florence Street
3  Palo Alto, CA 94301
   (650) 327-9800
4  (650) 618-1863 fax
   jrusso@computerlaw.com
5  csargent@computerlaw.com

6  Attorneys for Plaintiff and Counterclaim Defendant
   BEN CHANG

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  **Ben Chang,** an individual,                    **Case No. 5:14-cv-00425 LHK**

12              Plaintiff,

13       v.                                            **PLAINTIFF'S MOTION TO DISMISS
                                                       DEFENDANTS' COUNTERCLAIMS UNDER
14  **Biosuccess Biotech, Co., Ltd.,** a Cayman       RULE 12(B)(6)**
    Islands corporation, and **Biosuccess Biotech,
15  Co., Ltd.,** a Nevada corporation; **Chi-Ming     Date: August 28, 2014
    Wu a/k/a Fred Wu**, an individual; and            Time: 1:30 PM
16  **Zheng Tao Han**, an individual;                 Courtroom: 8, 4th Floor
                                                       Before: The Hon. Lucy H. Koh
17              Defendants.

18

19  **Biosuccess Biotech, Co., Ltd.**, a Cayman
    Islands Corporation, and **Biosuccess Biotech,
20  Co., Ltd.**, a Nevada Corporation,

21              Counterclaimants,

22       v.

23  **Ben Chang**, an individual,

24              Counterdefendant.

25

26

27

28

Motion to Dismiss                                              Case No. 5:14-cv-00425 LHK

EntrepreneurLaw Group LLP

1

### NOTICE OF MOTION AND MOTION TO DISMISS

2   TO DEFENDANT AND COUNTERCLAIMANTS BIOSUCCESS BIOTECH CO. LTD. (CAYMAN),

3   BIOSUCCESS BIOTECH, CO., LTD. (NEVADA), ZHENG TAO HAN, AND CHI-MING WU A/K/A FRED

4   WU AND THEIR COUNSEL OF RECORD:

5          PLEASE TAKE NOTICE that Plaintiff Ben Chang will and does move to dismiss Defendants

6   Biosuccess Biotech Co., Ltd. (Cayman)'s and Biosuccess Biotech, Co., Ltd. (Nevada)'s (together

7   "Defendants" or "Biosuccess") Counterclaims on the above-referenced date and time, in the

8   above-referenced Court. This Motion is based on Rule 12(b)(6) of the Federal Rules of Civil

9   Procedure; this notice and memorandum; and such other matters on file or submitted in reply or

    at oral argument.

10

11                                      ### INTRODUCTION

12         Can a defendant stymie collection actions for substantial Labor Code violations by filing

13  frivolous counterclaims solely designed to hinder and delay collection? Can a party bring the

14  same claims against the same party in a separate action, thereby multiplying the cost and size of

15  litigation? Of course not. Yet that is precisely what has happened in this case. Defendants have added

16  Counterclaims, many of which are exacty carbon-copies of existing counterclaims in another case

17  pending in the Central District before Judge Kronstadt. This is vexatious litigation at its worst, and

18  should not be allowed by this Court.

19         If that were not enough, the conclusory, vague allegations made on "information and belief"

20  alone do not meet applicable federal pleading standards required by the Federal Courts. Not only are

21  Defendants Biosuccess Biotech Co. Ltd.'s (Cayman)'s, and Biosuccess Biotech Co., Ltd. (Nevada)'s

22  (together, "Defendants") claims conclusory, but they frequently even fail to put Ben Chang

23  ("Plaintiff" or "Counterclaim Defendant") on even the basic notice required by Rule 8. Further,

24  virtually all of the tort claims alleged are derivative of the trade secret claim, and therefore preempted

25  under applicable California law—and all such claims should be dismissed without leave to amend.

26  The Counterclaims should be dismissed in their entirety for failure to state a claim upon which relief

27  can be granted.

28

LEGAL STANDARD

**Rule 12(b)(6) Motions to Dismiss and the Twombly/Iqbal Pleading Standard**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the pleading. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, a [party alleging a claim] is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (*quoting* Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

Additionally, Federal Courts adhere to state court decisions on substantive law when deciding state claims. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 (1938); King v. Order of United Commercial Travelers, 333 U.S. 153, 157–58 (1948). Where a party defending a claim challenges a claim against it as failing to articulate a state law cause of action, a federal court looks to the substantive law of the state for the required elements, but applies federal procedural law on the question of the sufficiency of the allegations in the pleading in supplying the necessary elements. In other words, the Court must apply post- Twombly/Iqbal pleading standards of Federal Rule 8 to the element-by-element requirements of substantive state law.

**Standard for Dismissal Without Leave to Amend**

Federal Rule of Civil Procedure Rule 15(a) states that leave to amend a complaint or counterclaim "shall be freely given when justice so requires." However, our Supreme Court has

EntrepreneurLaw Group LLP

1  identified four (4) factors relevant to whether a motion for leave to amend should be denied:

2  undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing

3  party. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Schreiber Distrib. Co. v. Serv-Well

4  Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless

5  the court determines that the allegation of other facts consistent with the challenged pleading

6  could not possibly cure the deficiency.")

7                                          **ARGUMENT**

8  **I.      DEFENDANTS' COUNTERCLAIMS ARE
           DUPLICATIVE OF CLAIMS FILED IN THE CENTRAL**
9  **        DISTRICT OF CALIFORNIA AND MUST BE DISMISSED WITH PREJUDICE.**

10        Defendants are seeking to get the same remedy from the same party in two different cases

11  at the same time in direct contravention of clear Ninth Circuit precedent.  "Plaintiffs generally

12  have 'no right to maintain two separate actions involving the same subject matter at the same

13  time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs.,

14  487 F.3d 684, 688 (9th Cir. 2007) citing Walton v. Eaton Corp., 563 F.2d 66 (3d Cir. Pa. 1977).

15  Such "fragmenting" of litigation is not allowed and requires dismissal with prejudice of the

16  duplicative claims. Id. at 697.

17        Facing a similar situation, Judge Ilston dismissed several claims with prejudice, noting,

18  that a "district court retains broad discretion to control its docket and may exercise its discretion

19  to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously

20  filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."

21  Murphy v. Wells Fargo Home Mortg., 2013 U.S. Dist. LEXIS 118410, 15 (N.D. Cal. Aug. 19,

22  2013). Further, the "most important criterion in determining whether the two actions are the

23  'same' is 'whether the two suits arise out of the same transactional nucleus of facts.'"

24  Mireskandari v. Mayne, 2013 U.S. Dist. LEXIS 71221, 17-18 (C.D. Cal. May 14, 2013).

25        In Murphy, because the claims in two subsequently files cases either "seek to enjoin the

26  same alleged breach of contract" or "plainly duplicates issues being adjudicated in the

27  underlying action" both were dismissed with prejudice. Id. at *17-18.

28

Motion to Dismiss Counterclaims                    3                    Case No. 5:14-cv-00425 LHK

EntrepreneurLaw Group LLP

1    Here, the claims are not just similar, they are identical to claims already filed in the

2    Central District (Biosucccess Biotech, Co., Ltd. v. Rich Pharmaceuticals, Inc., et al.) (the

3    "Central District Case") also alleged against Ben Chang: "Trade Secret Misappropriation"

4    (Claim 3) "Breach of Fiduciary Duty" (Claim 4), "Statutory Unfair Competition" (Claim 5),

5    "Common Law Unfair Competition" (Claim 6), "Violation of the California Penal Code Section

6    502" (Claim 7), "Trespass to Chattels" (Claim 8), and "Conversion" (Claim 11).[1]

7        Every claim in this lawsuit is identical or near identical to those alleged in the Central

8    District Case. In both cases the claims are alleged against Richard L. Chang and **they contain**

9    **almost identical language.** For example, Count 13 in this case and Count 5 in the 1340 Case

10   (for Negligent Misrepresentation against Richard Chang) both read:

**COUNT VI/Eighth Cause of Action**

- Biosuccess incorporates the paragraphs above [of its Counterclaims] as if fully set forth herein.
- Biosuccess owns computers in its system network, including the computer assigned to Ben Chang before he was terminated in January 2013.
- The files on Biosuccess' internal system network, as well as the files on the hard drive of the computer assigned to Ben Chang before he was terminated in January 2013, are comprised of data files which Biosuccess possessed and/or had a right to possess.
- Chang intentionally and without authorization interfered with Biosuccess's possessory interest in said computers on the Biosuccess system network, as well as the files on the Biosuccess system network, and the files on the hard disk drives. Prior to his departure from Biosuccess and without authorization, Chang deleted files from the laptop that had been assigned to him by Biosuccess so that the files were not recoverable.
- [Ben] Chang's unauthorized and malicious actions proximately resulted in damages to Biosuccess.[2]

Similarly, the Central District Case has identical language for its Count 5 for Violation of the California Penal Code Section 502. **This abusive behavior is indicative of Defendants'** **attitude in all relevant litigation between the parties, and can be seen throughout their** **responsive pleadings.**[3] These copies account for the entirety of Defendants' Counterclaims in this case, and such vexatious filing should not be allowed.

---

[1] See Request for Judicial Notice ("RJN") filed with this Motion to Dismiss.

[2] Compare RJN Ex. 1, ¶¶ 99–103 with Counterclaims ¶¶ 87–91 (Trespass to Chattels).

[3] Compare RJN Ex. 1 ¶¶ 61–75 with Counterclaims ¶¶ 49–63 (Misappropriate of Trade Secrets);

EntrepreneurLaw Group LLP

1    Defendants' Counterclaims in this suit are a knee-jerk attempt to retaliate for the filing of

2    this lawsuit, and to multiply the costs and size of litigation between the relevant parties in

3    violation of applicable federal statutes.[4] 28 U.S.C. 1927 (2014). Aside from the confusing and

4    incorrect wording and conclusory language (including reference to an unintelligible conflation of

5    two distinct and separate assignment agreements, one of which explicitly supersedes the other,

6    which obviously cannot be the case) the Counterclaims to this lawsuit are duplicative and only

7    serve to multiply litigation, and should be dismissed.

8    **II.      BIOSUCCESS FAILED TO SUFFICIENTLY ALLEGE
              TRADE SECRET MISAPPROPRIATION AND ALSO**
9            **THEREFORE RELATED DEPENDENT CLAIMS AS WELL.**

10           **A.      Defendants' Conclusory Statement of
                     Misappropriation Should Be Dismissed.**
11
             Defendants fail to state a valid counterclaim for relief under California trade secret law.
12
     California law governs Plaintiff's misappropriation of trade secrets claims in this District.  See
13
     Consolidated Data Terminals v. Applied Digital Data Sys., 708 F.2d 385, 390-91 n.3 (9th Cir.
14
     1983).  To state a claim for misappropriation of trade secrets under California's Uniform Trade
15
     Secrets Act ("CUTSA") [enacted 1984 at Cal. Civ. Code §§ 3426.1-3426.11], "a
16
     [counterclaimant] must plead two primary elements: (1) the existence of a trade secret, and (2)
17
     misappropriation of a trade secret."  AccuImage Diagnostics Corp. v. TeraRecon, Inc., 260 F.
18
     Supp. 2d 941, 950 (N.D. Cal. 2003) (citing Cal. Civ. Code §3426.1(b))(footnote omitted).
19

20

21

22
     _____

23   compare RJN Ex. 1 ¶¶ 76–83 with Counterclaims ¶¶ 64–71;
     compare RJN Ex. 1 ¶¶ 84–90 with Counterclaims ¶¶ 72–78;
24   compare RJN Ex. 1 ¶¶ 91–93 with Counterclaims ¶¶ 79–81; and
     compare RJN Ex. 1 ¶¶ 118–123 with Counterclaims ¶¶ 92–97.
25   [4] Defendants' counterclaims are also retaliatory attacks on the free speech rights of Plaintiff, in
     particular, his protected right to seek redress before the Courts. Cal. Civ. Proc. Code
26   §425.16(e)(2) (2014). As such they can and should be stricken by the Court under California's
     anti-SLAPP motion, and Plaintiff reserves all rights to seek such relief by separate motion if
27   necessary. Cal. Civ. Proc. Code §425.16.

28
     Motion to Dismiss Counterclaims              5                Case No. 5:14-cv-00425 LHK

EntrepreneurLaw Group LLP

1    Defendants' bare recitation of the elements of a trade secret misappropriation claim falls

2    far short of the standard necessary to state such a claim under the California Uniform Trade

3    Secrets Act and the standards of <u>Twombly/Iqbal</u>.  <u>See</u> Counterclaims at ¶¶ 49–63.

4        In <u>Mattel</u>, the Court noted, "[t]o prevent employers from using trade secret law as a

5    weapon against employee mobility, California requires that a party seeking to protect trade

6    secrets [ ] describe the subject matter of the trade secret with sufficient particularity to separate it

7    from matters of general knowledge in the trade or of special knowledge of those persons who are

8    skilled in the trade, and to permit [a counterclaim] defendant to ascertain at least the boundaries

9    within which the secret lies." <u>Mattel, Inc. v. MGA Entm't, Inc.</u>, 782 F. Supp. 2d 911, 989 (C.D.

10   Cal. 2011) (internal quotations omitted). Here, Defendants made no effort to describe any secret,

11   and certainly not sufficient to put the Plaintiff on notice of what he is being sued for.

12       Further, Defendants allege, solely on information and belief, that Plaintiff is using

13   "Confidential Information" at all. These vague, unsupported, "information and belief" allegations

14   contained in the Counterclaims are not sufficient to state a claim and overcome "California's

15   strong public policy of protecting the right of its citizens to pursue any lawful employment and

16   enterprise of their choice."  <u>Dowell v. Biosense Webster, Inc.</u>, 179 Cal.App.4th 564, 575 (2009).

17       Accordingly, Biosuccess' Counterclaim for trade secret misappropriation should be

18   dismissed for failure to state a claim upon which relief can be granted.

19   **B.    Plaintiff's Common Law Claims**
     **<u>Based on Misappropriation Are Preempted.</u>**
20
     Biosuccess' Second (breach of fiduciary duty), Third (unfair competition under section
21
22   17200), Fourth (common law unfair competition), and Seventh (conversion) Counterclaims are

23   preempted by the CUTSA and fail as a matter of law.

24       The CUTSA provides for the civil recovery of actual loss or other injury caused by the

25   misappropriation of trade secrets. Cal. Civ. Code § 3426.3. California state and federal courts

26   agree that "common law remedies based on misappropriation of trade secrets are superseded" by

27   the UTSA because the UTSA "occupies the field in California." <u>AccuImage Diagnostics Corp. v.</u>

28   <u>Terarecon, Inc.</u>, 260 F. Supp. 2d 941, 953-54 (N.D. Cal. 2003); <u>see</u> <u>also</u> <u>K.C. Multimedia, Inc. v.</u>

*EntrepreneurLaw Group LLP*

EntrepreneurLaw Group LLP

1  Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 954 (2009) (The UTSA "preempts

2  alternative civil remedies based on trade secret misappropriation."); Digital Envoy, Inc. v.

3  Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (holding that the CUTSA preempts

4  common law claims that are "based on the same nucleus of facts as the misappropriation of trade

5  secrets").

6       The preemption inquiry "focuses on whether 'other claims are not more than a

7  restatement of the same operative facts' supporting trade secret misappropriation." Convolve,

8  Inc. v. Compaq Comp. Corp., No. 00-CV-5141, 2006 U.S. Dist. LEXIS 13848, at *23–24

9  (S.D.N.Y. Mar. 31, 2006) (applying California law). "If there is no 'material distinction' between

10  the wrongdoing alleged in a UTSA claim and that alleged in a different claim, the UTSA claim

11  preempts the other claim." Id. The weight of authority finds CUTSA preemption where the

12  "gravamen" of the wrongful conduct alleged in the common law claim is the same as the conduct

13  alleged regarding the CUTSA claim. K.C. Multimedia, 171 Cal. App. 4th at 958–61 (collecting

14  cases).

15       Each of Defendants' common law tort Counterclaims (breach of fiduciary duty, unfair

16  competition under section 17200, common law unfair competition, and conversion) are

17  preempted by the CUTSA because each is based on the same set of operative facts as the CUTSA

18  claim—namely, the conclusory, purported use of undefined trade secrets. (See Counterclaims

19  ¶¶ 64–71, 74, 93–97.)[5] Despite Defendants' best efforts to avoid saying it directly, this is just

20  another way to try to allege that Plaintiff misappropriated Biosuccess' trade secrets. See Mattel,

21  782 F. Supp. 2d at 989 (holding that plaintiff's attempt to "re-characterize the thefts [of

22  misappropriated confidential information] as 'working for a competitor' and 'acting with

23  disloyalty'" merely "attach[ed] new labels to the same nucleus of facts" upon which it based its

24  misappropriation claim); RSPE Audio Solutions, Inc. v. Vintage King Solutions, Inc., No. CV-

25  12-06863, 2013 U.S. Dist. LEXIS 2909, at *6 (C.D. Cal. Jan. 7, 2013) (dismissing claim for

26  
27  [5] This includes many statements by Defendant that, for example, breaches are "by the actions described above." Counterclaims, ¶65. Similar statements referencing prior allegations are found in the claims for unfair competition, ¶¶74, 80.

28  

Motion to Dismiss Counterclaims     7     Case No. 5:14-cv-00425 LHK

1    intentional interference with prospective economic advantage because even though plaintiff had

2    "incorporate[d] non-trade secret related allegations," the basis for the claim remained the alleged

3    misappropriation of trade secrets); <u>SunPower v. SolarCity Corp.</u>, No. 12-CV-00694-LHK, 2012

4    U.S. Dist. LEXIS 176284, at *40 (N.D. Cal. Dec. 11, 2012) (dismissing claim for intentional

5    interference with prospective business advantage because it alleged "in essence that [d]efendants

6    violated [plaintiff's] rights by acquiring, disclosing, and/or using, without consent (*i.e.*

7    misappropriating) [plaintiff's] proprietary information."). Therefore, these claims should be

8    dismissed with prejudice.

9    **III.    BIOSUCCESS' OTHER CLAIMS MUST ALSO BE DISMISSED AS NO FACTS WERE ALLEGED TO SUPPORT THE "DELETION" CLAIMS.**

10

11          In further improperly vague and conclusory allegations, Biosuccess states that Ben Chang

12    deleted files. These allegations are facially incomplete, and as such should be dismissed.

13          For example, in the Fifth Counterclaim it is stated "[a]s alleged above, before he was

14    terminated, Ben Chang destroyed and erased all of the computer files in the Biosuccess system

15    related to the U.S. operations." Counterclaims, ¶84. But there were no such allegations above. It

16    is possible that Plaintiff was referring to the allegations below in the Sixth Counterclaim, but

17    those allegations too are vague and too conclusory as well.

18          In that Sixth Counterclaim, which should also be dismissed, Plaintiff only alleged that

19    "[p]rior to his departure from Biosuccess and without authorization, Ben Chang deleted files

20    from the laptop that had been assigned to her [sic] by Biosuccess so that the files were not

21    recoverable." Counterclaim, ¶90. This fails to put Mr. Chang on notice of what he is being

22    accused of and does meet the pleading standards as described in <u>Iqbal/Twombly</u>. When did Mr.

23    Chang perform this purported deletion? Of what files? If the deletion was pre-termination, where

24    are the notices or policies from Biosuccess barring its employees from deleting his personal

25    information or other personal data in question? Or is Plaintiff suggesting that Mr. Chang was not

26    allowed to delete any files, at all, from his work computer – even if they were personal, private

27    or otherwise his own property?  Of course not.

28

EntrepreneurLaw Group LLP

**CONCLUSION**

All of the purported claims fail to meet our Supreme Court's standards of Iqbal/Twombly which are now the standards under Federal Rule 8: they simply fail to provide sufficient information to put Mr. Chang on notice of the claims against him so he can prepare a defense. Accordingly, the various claims should all be dismissed. For the foregoing reasons, this Court should grant Defendants' motion and dismiss these purported counterclaims with prejudice. What is more, Defendants' did not even take the time to reword their exact counterclaims from an active case. For these further abuses, this Court should grant Plaintiff's Motion to Dismiss.

Dated: May 8, 2014

Respectfully submitted,
ENTREPRENEURLAW GROUP LLP

By:         /s/ Jack Russo
Jack Russo
Christopher Sargent
Attorneys for Plaintiff and Counterdefendant
BEN CHANG