JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 282-3110
Email: jrusso@computerlaw.com
        csargent@computerlaw.com

Attorneys for Plaintiff
BEN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Ben Chang**, an individual, | Case No. **14-CV-00425-LHK** |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER, WRIT OF ATTACHMENT** |
| v. | |
| **Zheng Tao Han**, and individual; **Chi-Ming Wu a/k/a Fred Wu**, and individual, **Biosuccess Biotech, Co., Ltd.**, a Cayman Islands corporation, and **Biosuccess Biotech, Co., Ltd.**, a Nevada corporation, | Date:     August 28, 2014<br>Time:    1:30 PM<br>Courtroom:     8–4th Floor<br>Before:  Hon. Lucy H. Koh |
| Defendants. | |
| **Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation; **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation, | |
| Counterclaimant; | |
| v. | |
| **Ben Chang**, | |
| Counterdefendant. | |

ENTREPRENEUR
LAW GROUP LLP
www.computerlaw.com<sup>sm</sup>

Reply in Support of
Write of Attachment

Case No. 14-CV-00425-LHK

**INTRODUCTION**

The purported "opposition" makes clear that despite years of promises and reassurances, Plaintiff Ben Chang has not been paid the compensation he is owed for work and services provided and promised to him. Defendants admit this. Opp. at p. 7. To this basic truth, Defendants have no response, instead seeking to avoid liability through various smokescreens, tricks and distractions, such as irrelevant requests to transfer, inapplicable statutes of limitations and nonsensical claims of a company shut down—all belied by the very facts Defendants argue. As this is money due and owing on a sum certain, as Plaintiff is more likely if not certain to succeed on these claims, and as the Biosuccess Defendants in particular are struggling financially and may not be able to pay the amounts owed, under Federal Rules of Civil Procedure, Rule 64 (which incorporates California Code of Civil Procedure Sections 481.010 through 493.060), a Writ of Attachment and Right to Attach Order should be issued by this Court.

**ARGUMENT**

From 2007 to 2013, Plaintiff provided services to Biosuccess and was promised a substantial salary that was never paid in full. Any claim that the full salary was not owed to Plaintiff for this entire period is unsupported by fact and law, nor even the facts argued by Defendants Biosuccess Biotech, Co., a purported Cayman Islands corporation, Biosuccess Biotech, Co., Ltd., a purported Nevada corporation, Chi-Ming Wu a/k/a Fred Wu, and Zheng Tao Han (together, the Biosuccess entities shall be "Biosuccess" and Defendants collectively shall be "Defendants") in their Opposition to this Motion.

**I.       DEFENDANTS OWE THE AMOUNTS SOUGHT BY PLAINTIFF.**

The most significant fact not in any way disputed here, is that Biosuccess paid Plaintiff each and every year from 2007 to 2012. If, as Defendants now claim, Biosuccess was in some sort of hibernation requiring a "re-start," why was any salary paid for each of these years? **Importantly, Defendants do not dispute that the salary agreed to with Plaintiff was at least $234,000. The question of unemployment benefits also supports the grant of a writ of attachments—it shows both that Plaintiff was working during that time in 2009 and that he was not getting paid what was promised or needed. Any suggestion of overpayment has a**

Reply in Support of
Write of Attachment

Case No. 14-CV-00425-LHK

**necessary and improper predicate that there was some valid shut-down coupled with an agreement to forego salary, both of which are belied by the fact that payments were made to Plaintiff during these years.** See Opp. at p. 7. All of the facts presented to this Court show that Plaintiff was working for Biosuccess, that he was only partially paid the promised sums, and that a very specific amount is still due and owing to him. These facts and this situation are precisely where a prejudgment remedy should issue to ensure collection of these clearly owed amounts.

## II.    NO STATUTE OF LIMITATIONS BARS ANY RECOVERY BY PLAINTIFF HERE.

### A.    All Claims Were Timely Filed.

Plaintiff brought his claims in a timely manner. First and foremost, these claims were brought less than a year after the termination (under every theory) of Plaintiff. Plaintiff was terminated on January 18, 2013. The original complaint was filed on January 3, 2014. The first line of the case Defendants cite on the statute of limitations question states, "When an employee is terminated or resigns from his or her employment, final wages are generally due and payable immediately." Pineda v. Bank of America, N.A., 50 Cal. 4th 1389, 1392 (2010). Thus, the claim does not fully accrue until the date of termination.  Did Defendants pay this?  Of course not!

Second, the total amount sought by Plaintiff is less than two years of salary, and any reasonable and fair accounting should treat payments as covering past due amounts before payment of new salary. In other words, though it is easier to conceive of the payments and put them into table form owed as shortfalls on an annual basis, the reality is that payment in 2008 first went to cover balances owed in 2007 and then new salary payments, creating a rolling (and growing) debt, but always a fresh one. Thus, the amounts sought are most accurately thought of as unpaid wages for 2011 and 2012, even if the process of underpayment began in 2007.

### B.    The Statute of Limitations Is Not Barred Due to Defendants' Wrongful Conduct and to Ensure Fundamental Fairness to Plaintiff.

Additionally, any other statute of limitations are barred by the doctrines of equitable estoppel and equitable tolling. Defendants, and in particular Mr. Wu, made repeated and continuous promises that full payment of all unpaid wages would be forthcoming, and as admitted by Defendants, partial payments continued to be made up through the end of 2012. The doctrine of

equitable tolling "will 'suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" <u>McDonald v. Antelope Valley Community College Dist.</u>, 45 Cal.4th 88, 99 (2008) *citing* <u>Lantzy v. Centex Homes</u>, 31 Cal.4th 363, 370 (2003).

Here, Defendants were and have been at all times aware of the lack of payment to Plaintiff, and have continually discussed with Plaintiff the lack of payment, Plaintiff's desire for full payment, and multiple assurances that payment would be forthcoming. In fact, Defendants own colloquy about the so-called "re-start" supports finding an equitable toll of all unpaid wages claims, as it suggests that Defendants believed things to be on hold (or tolled) during that period. An equitable tolling of the statute of limitations is also required to ensure "fundamental practicality and fairness." The wages were promised and not paid and Plaintiff did not seek payment in Court prior to termination in the hopes of making the business venture successful; such good faith conduct for the benefit of a business cannot and should not be held against a Plaintiff who acts in good faith for what he believed to be to the benefit of all parties, though in the end, it was just for the benefit of the Defendants.

Under the California Labor Code, this wrongful conduct of the Defendants, and especially their inducement of Plaintiff to not pursue judicial remedies, also supports the application of the separate doctrine of equitable estoppel, recently reaffirmed by the California Supreme Court. "Plaintiffs invoke the venerable principle that "'[o]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought."' (<u>Carruth v. Fritch</u> (1950) 36 Cal.2d 426, 433 [224 P.2d 702], *quoting* <u>Howard v. West Jersey & S. S. R. Co.</u> (N.J. Ch. 1928) 102 N.J. Eq. 517 [141 A. 755, 757–758].)" <u>Lantzy</u>, 31 Cal. 4th at 383. Here, Defendants fraudulently promised Plaintiff that all unpaid wages would be paid when the company had sufficient funding and made regular partial payments. Plaintiff's reliance on these promises and assurances was reasonable in light of the regular payments that did occur. Defendants' wrongful conduct, combined with Plaintiff's reasonable reliance, equitably estops Defendants from any statute of limitations defense.

//

ENTREPRENEUR
LAW GROUP LLP
www.computerlaw.com℠

**Reply in Support of**
**Writ of Attachment**

3

**Case No. 14-CV-00425-LHK**

**III.** **THE MOTION TO TRANSFER IS AN IRRELEVANT DELAYING TACTIC, NOT A BASIS FOR DENYING THIS MOTION.**

Defendants' lack of any substantive basis for opposing the grant of the Writ of Attachment is shown by their continued procedural games to avoid a hearing on this motion. Plaintiff first filed this motion in the Superior Court, only after which did removal occur. Only now that the Court has denied remand and this motion was re-filed here, are Defendants seeking transfer. However, transfer in no way deprives this Court of its jurisdiction and its continuing authority to decide this Motion. The Transfer Motion is little more than another effort, like removal, to see that this Motion is subject to further delays. It is not and cannot be a basis for denial of this motion.

**IV.** **THERE IS NO EVIDENCE OF BIOSUCCESS' VIABILITY AND THERE IS EVERY REASON TO CONCLUDE IT IS FAILING.**

Both Plaintiff and Defendants cite and quote the testimony of Fred Wu for the conclusion about whether Biosuccess is a viable entity. The Court should, of course, evaluate that testimony on its own merits, but the inescapable conclusion from the testimony is that Biosuccess is currently without resources and to the extent it has any, they are those of its *alter ego* Fred Wu:

> Q:  Do you have a line of credit available to the company for 2 million at the present time, sir?
> A:  No.
> Q:  Do you have capital resources available to cover 2 million if the court were to rule in that manner?
> …
> A:  **I have resources**. There are resources.
> Q:  You have personal resources that would cover that 2 million, is that what you are saying, sir?
> A:  We can be here today, there should be no problem.

Russo Decl. Ex. 1, deposition transcript page 87:22–89:18 (emphasis added). Mr. Wu's testimony (and the notable lack of a similar statement in the declaration submitted in opposition to this motion) show that Defendants do not have the resources and that Plaintiff is not ensured of payment upon completion of the trial of this matter, further justifying the grant of this motion for a Writ of Attachment.

**V.** **IN CALIFORNIA, AN OUT-OF-STATE DEFENDANT IS SUBJECT TO ATTACHMENT.**

There can be no question that the entity Defendants are subject to attachment in California despite their alleged center of business being in Taiwan. As the Court noted in its prior Order on

ENTREPRENEUR
LAW GROUP LLP
www.computerlaw.com℠

Reply in Support of
Writ of Attachment

4

Case No. 14-CV-00425-LHK

the question of Remand, Defendants statements regarding their principal place of business are highly suspect given that statements directly contrary to the most recent testimony were pled before the Central District identifying the principal place of business as being located in Santa Clara County, California. Regardless of where the Defendants are located, their general appearance in this case, or at least the location of assets in California, makes an order granting a Writ of Attachment proper here. See e.g. Cal. Code Civ. Proc. § 492.010 et seq.; Nakasone v. Randall, 129 Cal. App. 3d 757, 760-761 (1982). Accordingly, this Motion should be granted irrespective of the purported foreign location of some of these Defendants and in light of their prior highly inconsistent statements.

## CONCLUSION

Plaintiff has not been paid for the services he provided to the Defendants and there is no basis for the continued lack of payment of the amounts owed. Given Defendants' admittedly precarious financial position, a Writ of Attachment and Right to Attach Order should issue immediately to ensure payment of these amounts due and owing to Plaintiff and which Defendants have no basis for the continued lack of payment.

Respectfully submitted,

Dated:  April 23, 2014, 2014          ENTREPRENEUR LAW GROUP LLP


By:    /s/ Jack Russo
       Jack Russo
       Christopher Sargent

       Attorneys for Plaintiff
       BEN CHANG

ENTREPRENEUR
LAW GROUP LLP
www.computerlaw.com℠

Reply in Support of
Writ of Attachment

5

Case No. 14-CV-00425-LHK