| | |
|---|---|
| LEE TRAN & LIANG LLP<br>  Enoch H. Liang (SBN 212324)<br>enoch.liang@ ltlattorneys.com<br>  Heather F. Auyang (SBN 191776)<br>heather.auyang@ltlattorneys.com<br>  Lisa J. Chin (SBN 259793)<br>lisa.chin@ltlattorneys.com<br>601 S. Figueroa Street, Suite 3900<br>Los Angeles, CA 90017<br>Telephone: (213) 612-8900<br>Facsimile: (213) 612-3773<br><br>Attorneys for Defendants | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEN CHANG,<br><br>      Plaintiff,<br><br>v.<br><br>BIOSUCCESS BIOTECH, CO., LTD., a Cayman Islands corporation; BIOSUCCESS BIOTECH, CO., LTD., a Nevada corporation; CHI-MING WU a/k/a/ FRED WU, an individual; and ZHENG TAO HAN, an individual; AND DOES 1 through 50, inclusive.<br><br>      Defendants. | Case No.: 5:14-CV-00425-LHK<br><br>**DEFENDANTS'** *EX PARTE* **MOTION FOR ORDER SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS [Dkt No. 27] IN LIGHT OF THE JUNE 5, 2014 HEARING ON MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>[Pursuant to F.R.C.P. 1 and 6; Civil L.R. 6-1(b), 6-3, and 7-10]<br><br>[DECLARATION OF ENOCH LIANG AND [PROPOSED] ORDER FILED CONCURRENTLY]<br><br>Ctrm: 8-4th Floor<br>Honorable Lucy H. Koh |

# DEFENDANTS' EX PARTE MOTION

**Introduction and Relief Sought:** All four Defendants jointly bring this *ex parte* motion, pursuant to Local Rule 6-3 and 7-10, for an Order Setting a Briefing Schedule on Plaintiff's Motion to Dismiss Counterclaims in Light of the June 5, 2014 hearing on Defendants' motion to transfer venue to the Central District of California.

The good cause and exigent circumstances are these:

- Defendants' Opposition to Plaintiff's motion to dismiss counterclaims is currently due on Thursday, May 22, 2014.
- However, if this Court transfers this case to the Central District in early June 2014, then Judge Kronstadt—who has two pending related cases before him, who is familiar with the parties, and who has a trial in related Case No. CV13-01340 JAK (ANx), *Richard L. Chang v. Biosuccess Biotech Co., Ltd.*, starting on June 17, 2014[1]—should decide the motion to dismiss Defendants' counterclaims.
- If the Court does not transfer this matter to the Central District, there is still enough time for the parties to complete the Opposition and Reply briefing well before the August 28, 2014 hearing before this Court on Plaintiff's motion to dismiss.

Having the parties brief their Opposition and Reply to the motion to dismiss now would be a waste of the parties' and the Court's time and resources. Given the foregoing, Defendants request that the Court set the following briefing schedule:

- <u>Defendants' Opposition to Plaintiff's motion to dismiss or Defendants' Amended Counterclaims:</u> Shall be filed and served within 7 days of the Court's decision denying transfer.
- <u>Plaintiff's Reply in support of motion to dismiss (if necessary):</u> Shall be filed and

---

[1] The other related case is captioned *Biosuccess Biotech Co., Ltd. v. Rich Pharmaceuticals, Inc., Imagic, LLC, Richard L. Chang Holdings, LLC, and **Ben Chang***, the defendant here, Case No. CV-14-00310 JAK (ANx). Judge Kronstadt recently issued a ruling on Defendants' 12(b)(6) motion to dismiss Biosuccess's complaint on May 16, 2014. [*See* Dkt No. 38 in Case No. CV-14-00310 JAK (ANx)].

| | |
|---|---|
| 1 | served within 7 days of the Defendants' Opposition. |
| 2 | • <u>The hearing (if necessary)</u> on Plaintiff's motion to dismiss [Dkt No. 27] shall |
| 3 | remain on August 28, 2014. |

Defendants set forth a longer explanation below.

**Brief Procedural History:** This Court denied Plaintiff Richard Chang's motion to remand this case to state court on April 16, 2014. [*See* Dkt No. 19]. Thereafter, all 4 Defendants filed a motion to transfer this case to the Central District of California, where Plaintiff's father Richard Chang originally sued Biosuccess in Case No. CV13-01340 JAK (ANx) and where Biosuccess sued, among others, Ben Chang (Plaintiff here) in Case No. CV-14-00310 JAK (ANx). [*See* Dkt No. 24]. Both Central District cases are pending before Judge Kronstadt—the first case brought by Plaintiff's father Richard Chang is set for trial on June 17, 2014 and Ben Chang will be a key witness at this trial. This Court granted Defendants' *ex parte* motion to advance the hearing date on the motion to transfer to the Central District to June 5, 2014. [*See* Dkt No. 26].

On April 16, 2014, Defendants filed their Answer and Counterclaims to Plaintiff's complaint here. [*See* Dkt Nos. 15-18]. On May 8, 2014, Plaintiff filed a 12(b)(6) motion to dismiss Defendants' counterclaims. [*See* Dkt No. 27]. Plaintiff's 12(b)(6) motion to dismiss is set to be heard on August 28, 2014, which is well after the June 5 hearing on Defendants' motion to transfer venue. Under NDCAL Local Rule 7-3, Defendants' opposition to Plaintiff's motion to dismiss is due on May 22, 2014 (14 days after Plaintiff's motion to dismiss was filed).

**<u>It would serve the interests of FRCP 1 and 6 and judicial efficiency to set a briefing schedule for the parties' on Plaintiff's motion to dismiss Defendants' counterclaims:</u>** FRCP 1 states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 6(b)(1) states that the Court "may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . ." NDCAL Local Rule 6.1(b) states that—for papers required to be filed with the Court—"[a] request for a Court order enlarging or shortening time may be made by . . . motion pursuant to Civil L.R. 6-3."

1   Here, the most logical, just, speedy, and inexpensive course of action is to have the motion to transfer venue decided <u>before</u> the parties are required to brief the Opposition and Reply to the motion to dismiss Defendants' counterclaims.  This holds true regardless of whether the Court transfers or does not transfer the case to the Central District.

**If the Court transfers this case to the Central District, then Judge Kronstadt can decide Plaintiff's motion to dismiss Defendants' counterclaims:**  The crux of Plaintiff's argument in its motion to dismiss is that "Defendants' counterclaims are duplicative of claims filed in the Central District of California" pending before Judge Kronstadt. [*See* Dkt No. 27, at pp 3-5].  Judge Kronstadt, however, has recently ruled on Defendant Ben Chang's 12(b)(6) motion to dismiss Biosuccess's claims brought against—among others, Ben Chang—in Central District Case No. CV-14-00310 JAK (ANx), Dkt No. 38.  In any event, if this Court transfers this case to the Central District, Judge Kronstadt will be best situated to determine if Defendants' counterclaims are in fact duplicative or not.

**If the Court denies transfer of this case to the Central District, then there is still plenty of time to file the Opposition and Reply in advance of the August 28, 2014 hearing on Plaintiff's motion to dismiss:**  Even if this Court denies transfer to the Central District, given that Plaintiff's motion to dismiss Defendants' counterclaims is currently set to be heard on August 28, 2014, there is enough time for the parties to file their Opposition and Reply in advance of the hearing without affecting the August 28 hearing date for Plaintiff's motion to dismiss.

**Defendants provided notice to Plaintiff of this *Ex Parte* Application:**  On Tuesday, May 20 (by email) and again on Wednesday, May 21 (on the telephone), Defendants provided notice of this *ex parte* Application to Plaintiff's counsel, and attempted to obtain a stipulation. [Liang Decl., ¶¶ 2-3, Exh. A].  Plaintiff's counsel indicated Plaintiff would oppose this *ex parte*

[remainder of page intentionally left blank]

motion.

Dated: May 21, 2014

**LEE TRAN & LIANG LLP**

By: /s/ Enoch H. Liang
   Enoch H. Liang
Attorneys for Defendants