1  LEE TRAN & LIANG LLP
    Enoch H. Liang (SBN 212324)
2  enoch.liang@ ltlattorneys.com
    Heather F. Auyang (SBN 191776)
3  heather.auyang@ltlattorneys.com
    Lisa J. Chin (SBN 259793)
4  lisa.chin@ltlattorneys.com
   601 S. Figueroa Street, Suite 3900
5  Los Angeles, CA 90017
   Telephone: (213) 612-8900
6  Facsimile: (213) 612-3773

7  Attorneys for Defendants

8
                    **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RICHARD L. CHANG,                              Case No.: 5:14-CV-00425-LHK

12          Plaintiff,
                                                   **DECLARATION OF ENOCH H.**
13      v.                                         **LIANG IN SUPPORT OF:**

14  ZHENG TAO HAN, an individual; CHI-MING         **DEFENDANTS' *EX PARTE* MOTION**
    WU a/k/a/ FRED WU, an individual;              **FOR ORDER SETTING BRIEFING**
15  BIOSUCCESS BIOTECH, CO., LTD., a Cayman        **SCHEDULE ON PLAINTIFF'S**
    Islands corporation; BIOSUCCESS BIOTECH,       **MOTION TO DISMISS**
16  CO., LTD., a Nevada corporation, and DOES 1    **COUNTERCLAIMS [Dkt No. 35] IN**
    through 50, inclusive.                         **LIGHT OF THE JUNE 6, 2014**
17                                                 **HEARING ON MOTION TO**
            Defendants.                            **TRANSFER VENUE TO THE**
18                                                 **CENTRAL DISTRICT OF**
                                                   **CALIFORNIA**
19
                                                   Ctrm: 8-4th Floor
20                                                 Honorable Lucy H. Koh

21

22

23

24

25

26

27

28

# DECLARATION OF ENOCH LIANG

I, Enoch Liang, declare as follows:

1. I am an attorney admitted to practice before this Court. I am a partner at the law firm of Lee Tran & Liang, LLP, counsel for all defendants in this matter. I have personal knowledge of the facts set forth in this declaration, and if called to do so, I could and would testify competently to the matters stated here.

2. I sent an email to Plaintiff's counsel on May 20, 2014 asking for him to stipulate to the relief sought in this *ex parte* application. Attached as **Exhibit A** is a true and correct copy of my May 20 email.

3. On May 21, 2014, I spoke to Plaintiff's counsel Chris Sargent. He indicated that he did not have authority to stipulate to the relief sought in my May 20 email and that Plaintiff would oppose this *ex parte* motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of May 2014 at South San Francisco, California.

By:   /s/ Enoch H. Liang

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

**DECLARATION OF ENOCH H. LIANG ISO EX PARTE MOTION**

**Enoch Liang**

| | |
|---|---|
| **From:** | Enoch Liang |
| **Sent:** | Tuesday, May 20, 2014 7:54 PM |
| **To:** | Chris Sargent (csargent@computerlaw.com); Jack Russo (jrusso@computerlaw.com) |
| **Cc:** | Heather Auyang |
| **Subject:** | Two NDCAL Cases:  Request for Stip or Ex Parte |

Dear counsel,

On May 8, in the two Northern District cases (one brought by Richard Chang and the other by his son Ben Chang), you filed largely identical motions to dismiss the counterclaims brought by Defendants and Counterclaimants on the grounds that they are allegedly duplicative of the CDCAL action.  Our Oppositions to your motions to dismiss are due on May 22nd.

Given the pending motions to transfer being heard on June 5 and June 6, in order to avoid wasting the parties' time and the Courts' time and resources, we would like to propose a stipulation:

1. The hearings on the motions to dismiss are currently set for quite far out:  August 28 (Ben Chang case before Judge Koh) and July 18 (Richard Chang case before Judge Davila).

2. Given that the Courts will be hearing the motions to transfer on June 5 and 6 respectively, our proposal is this:

    a. If the cases are transferred to CDCAL, then we can deal with the motions to dismiss before Judge Kronstadt.  If the cases are transferred, then it is likely the parties can reach a stipulation since the grounds for your motions to dismiss will be mooted—all cases, all parties, and all claims between them will then be pending before Judge Kronstadt.

    b. If any case is not transferred to CDCAL, then Defendants/Counterclaimants will have 7 days from the Court Order denying transfer to respond to the motion to dismiss, either in an Opposition or in amended pleading (under FRCP 15, we have the right to file an amended pleading 21 days after you file your 12b motion).

    c. Because the hearings are set so far out, we do not believe the foregoing stipulation will affect your Reply briefing or the Courts' respective time to prepare/review the pleadings.

Please let us know if you will agree to the foregoing.  If not, we will be moving *ex parte* to seek the foregoing relief from Judge Koh and Judge Davila.

We look forward to your response **before 7pm on Wednesday May 21, 2014**.

Thanks,

Enoch