Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
BEN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ben Chang,** an individual,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation, and **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation; **Chi-Ming Wu a/k/a Fred Wu**, an individual; and **Zheng Tao Han**, an individual;<br><br>　　　　　　Defendants. | Case No. 5:14-cv-00425-LHK<br><br>**PLAINTIFF BEN CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Hearing Date: June 5, 2014<br>Time:　　　　1:30 p.m.<br>Judge:　　　Hon. Lucy H. Koh<br>Courtroom:　8, 4th Floor |

## INTRODUCTION

As Biosuccess Biotech, Co., Ltd.'s ("Biosuccess") itself alleged in an Answer in another federal action, "Biosuccess admits that Biosuccess Biotech, Co., Ltd. is a corporation organized under the laws of the Cayman Islands, with **its principal place of business in at 3333 Bowers Avenue, Suite 201, Santa Clara, California 95054**." Answer in *Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al.,* Case No. CV13-01340 JAK ("Answer") at ¶ 2, attached as Exhibit 1 to the accompanying Request for Judicial Notice ("RJN") (emphasis added). Because Biosuccess is located within this District, venue is appropriation and should remain here.

## STATEMENT OF FACTS

On July 8, 2013, in *Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al.*, C.D. Cal., case no. 2:13-cv-01340-JAK (ANx), Biosuccess filed an Answer to Plaintiff Richard L. Chang's Complaint **admitting** that it was a "corporation organized under the laws of the Cayman Islands, with its principal place of business at 3333 Bowers Avenue, Suite 201, **Santa Clara, California 95054**." RJN Ex. 1 (emphasis added). Precisely the same language appears in Biosuccess' First Amended Answer filed on July 31, 2013 and Biosuccess' Answer to Plaintiff's Conditional Counterclaims and Affirmative Defenses filed on October 15, 2013. RJN Exs. 3 and 4.

Further, Biosuccess has made numerous filings with the United States Patent and Trademark Office listing Santa Clara, California as its address. RJN Exs. 1, 3, and 4. Biosuccess also advertises its address as being in California, and the LinkedIn page for Fred Wu, Biosuccess' chairman of the board, even lists his location as "United States." Declaration Of Christopher Sargent In Support Of Opposition To Motion To Transfer, at ¶¶ 2–3 and Exs. 1–2.

The Santa Clara address for Biosuccess, 3333 Bowers Avenue, is listed in the Yellow Pages online and the location is a medium-sized office complex. Biosuccess' name is listed in the directory of this office complex and a "Biosuccess" placard is on the door to the Biosuccess office. Declaration of Boris Lubarsky ("Lubarsky Decl."), Dkt. 9, at ¶¶ 2–4 and Exs. 1–4. Staff was present during a visit during business hours to the Biosuccess' office in Santa Clara. Lubarsky Decl. ¶ 5. Additionally, a person at the office confirmed that the office belonged to Biosuccess. Lubarsky Decl. ¶ 5.

Computerlaw Group LLP
www.computerlaw.com℠

# ARGUMENT

## I. BIOSUCCESS'S ADMITTED PRINCIPAL PLACE OF BUSINESS IS ITS MOST CONVENIENT FORUM.

The Court may transfer a case to another District Court "[f]or the convenience of parties and witnesses". 28 U.S.C. § 1404(a). Biosuccess's Motion claims that the Central District of California, where it has no offices, is a more convenient forum than the Northern District, where its central offices are. How can this be?

It is uncontroverted that Biosuccess maintains its central U.S. office in the city of Santa Clara, squarely within the territory of the Northern District of California.

## II. THE PENDING CENTRAL DISTRICT CASES ARE ABOUT ENTIRELY DIFFERENT SUBJECT MATTER.

The cases pending in the Central District are entirely about Federal intellectual property rights ownership, focusing on the questions of whether Biosuccess owns certain patent rights, whether it complied with its contracts with Ben and Richard Chang, and whether a third party is properly listed as an inventor on the applicable patents and patent applications.

The pair of cases pending here in the Northern District, however, are straightforward California state law employment cases in which Ben Chang and Dr. Richard L. Chang claim, among other things, back wages.

Thus, Biosuccess's judicial economy argument falls flat. Because the two pairs of cases are factually distinct, few benefits would result from a transfer. In addition, the Court should ask itself: Where, logically, would Biosuccess's relevant employment and other records be? Would they be in Santa Clara, where its principal office is, or would they be in Los Angeles, where it has no office and no staff? Of course those records are more likely to be in Santa Clara than Los Angeles (where Biosuccess has no offices).

## III. THE PENDING TRIAL IN THE CENTRAL DISTRICT WILL SOON BE OVER; THUS, THERE IS NO ADVANTAGE TO TRANSFERRING CASES THERE.

Biosuccess's judicial economy argument hinges on the familiarity with the issues of Judge Kronstadt in the Central District. However, the lead case before Judge Kronstadt goes to trial next month. RJN Ex. 2. That case, as discussed above, deals with Federal intellectual property rights; it has nothing to do with Ben and Richard Chang's California state law

employment claims. Any familiarity Judge Kronstadt has is thus limited to completely distinct issues and, more importantly, Judge Kronstadt will have finished with the cases before him by the time the Northern District employment law cases progress to any significant degree.

## CONCLUSION

Venue is proper in the Northern District of California, where Biosuccess's own principal U.S. office is, by its own admission. The cases pending in Los Angeles are about entirely unrelated subject matter. For these reasons, the Court should deny Biosuccess's Motion to Transfer Venue.

Dated: May 21, 2014

COMPUTERLAW GROUP LLP

By: /s/ Christopher Sargent
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
BEN CHANG