Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
BEN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Ben Chang**, <br><br> Plaintiff; <br><br> v. <br><br> **Zheng Tao Han,** an individual; **Chi-Ming Wu a/k/a Fred Wu,** an individual; **Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation; **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation; <br><br> Defendants. | **Case No. 5:14-cv-00425-EJD** <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: June 5, 2014 <br> Time: 1:30 p.m. <br> Courtrm: 8–4th Floor <br><br> Before The Hon. Lucy H. Koh |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## 1. JURISDICTION & SERVICE

Plaintiff filed this case in the California Superior Court in and for the County of Santa Clara on January 3, 2014. On January 28, 2014, Defendants filed Notices of Removal to this Court based on a claim of diversity jurisdiction. Dkt. #1. Plaintiff filed a Motion to Remand based on facts surrounding Defendant Biosuccess's principal place of business in Santa Clara County, California, which, paired with Plaintiff's residence and domicile in Laguna Woods, California, destroys diversity. Dkt. #6. Defendants opposed the motion to remand on the basis that their principal place of business is in Taiwan. Dkt. #14. On April 14, 2014, Defendants filed their answers and counterclaims. Dkt. Nos. 15-18. Plaintiff's Motion to Remand was denied without hearing on April 16, 2014. Dkt. #19. Defendants then filed a motion to transfer this case to the Central District of California on May 7, 2014. Dkt. 24. The hearing on the motion to transfer will be held on June 5, 2014.

All parties have been served either by personal service or through counsel of record.

## 2. FACTS

**Plaintiff's Facts:** Plaintiff Ben Chang joined Biosuccess in late 2006 and has held various positions with the U.S.-based Biosuccess entity, registered in and organized under the laws of the State of Nevada. While working with and for Biosuccess, Plaintiff was the main point of contact for those involved in the failed Biosuccess clinical trials, controlled payroll, was the sole point of contact for Jeffrey King, the attorney responsible for prosecuting Biosuccess' patents, and oversaw day-to-day operations of that entity.

Plaintiff contends that since 2006 Biosuccess has failed to pay Ben Chang his full annual salary for any year agreed upon by Biosuccess Chairman of the Board and Chief Executive Officer Chi-Ming (Fred) Wu. On January 18, 2013 Biosuccess sent a letter signed by its Chairman of the Board, Fred Wu, terminating Professor Chang's relationship with Biosuccess. Biosuccess still has not paid Mr. Chang the unpaid wages he is owed. Plaintiff brought this case for repayment of his unpaid wages as well as other tortious conduct by Defendants.

**Defendant's Facts:**

Defendants disagree with all of the recitations of facts set forth by Plaintiff above. Defendants' positions are set forth in great detail in pending related litigation, as described below.

Indeed, the instant case shares many of the same parties and many of the same legal issues as the case currently pending in the Central District of California. On May 21, 2014, Judge Kronstadt issued an Order that consolidated the First CDCAL Case (Case No. 2:13-cv-01340-JAK, brought by Plaintiff Ben Chang's father Richard Chang against Biosuccess) with the Second CDCAL Case (Case No. 2:14-cv-00310-JAK, brought by Biosuccess against, among others, Ben Chang, the plaintiff here) (hereinafter collectively referred to as the "First/Second CDCAL Cases") for all purposes and designated the First CDCAL Case as the lead case.

Judge Kronstadt continued the trial in the consolidated First/Second CDCAL Cases to September 30, 2014; and notably ordered that "[i]f either of the matters presently pending in the Northern District of California is transferred to this Court, within seven days of any transfer order, the parties shall file a joint report . . . setting forth their respective or collective views [regarding how this affects management of the consolidated cases]. [Case No. 2:13-cv-01340-JAK, Dkt. No. 198].

Plaintiff submitted a Declaration in the First CDCAL Case discussing the exact wage claims that he brings in this case. [See Dkt No. 64]. Indeed in the present case, Plaintiff has argued in his motion to dismiss Defendants' Counterclaims that Defendants' Counterclaims here are duplicative of claims brought in the First/Second CDCAL Cases. [See Dkt No. 27, at 3 ("Defendants' counterclaims are duplicative of claims filed in the Central District of California and must be dismissed with prejudice"]. The reason behind the duplication is simple—this case and the First/Second CDCAL Cases involve the same nucleus of operative facts, the same parties, and the same events. For example, in the First/Second CDCAL Cases, Defendant Biosuccess has sued Plaintiff Ben Chang for breach of his fiduciary duties when he was employed by Defendant Biosuccess.

Unless this case is transferred to CDCAL, the two opposing claims arising out of the same employment relationship would end up being adjudicated by two different courts. This provides further reasons in support of transfer to CDCAL; otherwise, the parties risk conflicting rulings over the same transactions and events.

3. LEGAL ISSUES

**Plaintiff's Position:** Whether Defendants violated the California Labor Code for failure to pay wages, breached their contracts through failure to pay wages, and whether the Defendants are *alter egos* of one another.

**Defendant's Position:**

Defendants disagree that Plaintiff is entitled to any relief and that, *e.g.*, Plaintiff is owed no unpaid wages and that there is any *alter ego* liability. The issues in this case substantially overlap with the First/Second CDCAL Cases.

This recent Order by Judge Kronstadt is further reason to transfer this matter to the CDCAL as requested by Defendants'. Dkt. 24. The hearing for the motion to transfer will be held next week on June 5, 2014.

4. MOTIONS

Currently pending before the Court are three motions: (1) Defendants' Motion to Transfer Venue to the Central District (Dkt. 24); (2) Plaintiff's Motion to Dismiss Defendants' Counterclaims (Dkt. 27); and (3) Plaintiff's Application for Writ of Attachment and Right to Attach Order (Dkt. 21).

The hearing for Defendants' Motion to Transfer Venue will be held on June 5, 2014.

If this Court retains the case, the hearing for Plaintiff's Motion to Dismiss will be held on August 28, 2014. Defendants have not filed an opposition. Instead, Defendants filed an *ex parte* motion seeking to modify the briefing schedule on Plaintiff's Motion to Dismiss until after a decision on Defendants' Motion to Transfer. No decision on either the Motion to Transfer or Defendants' *ex parte* application has yet been entered.

If this Court retains the case, the hearing for Plaintiff's Application for Writ of Attachment and Right to Attach Order will also be held on August 28, 2014.

## 5. AMENDMENT OF PLEADINGS

There have been no amendments to the pleadings and Defendants have not filed an intent to file Amended Counterclaims, but reserve the right to do so.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

## 7. DISCLOSURES

The Parties will serve their initial disclosures under Rule 26(a)(1)(A) on or before June 30, 2014, but is subject to change if this Court grants Defendants' Motion to Transfer.

## 8. DISCOVERY

No discovery has yet taken place in this case.

No limitations or modifications of the discovery rules in the Federal Rules of Civil Procedure are anticipated at this time.

## 9. CLASS ACTIONS

This is not a class action.

## 10. RELATED CASES

**January 2013:** *Biosuccess Biotech Co. Ltd. v. Richard Chang and Ben Chang,* Case No. 113-CV-240580, Santa Clara County Superior Court, first filed in January 2013, and stayed as of April 16, 2013.

**February 2013:** First CDCAL Case -- *Richard L. Chang v. Biosuccess Biotech Co., Ltd.,* Case No.: 2:2013-cv-01340 JAK (ANx) United States District Court, Central District of California, first filed on February 2013; trial June 17, 2014.

**January 2014:** *Richard Chang v. Zheng Tao Han, Chi-Ming Wu a/k/a Fred Wu, Biosuccess Biotech, Co. Ltd., a Cayman Islands Corporation, and Biosuccess Biotech, Co. Ltd., a Nevada Corporation,* Case No.: 5:14-cv-00426-EJD, United States District Court, Northern District of California, first filed on January 2014 in Santa Clara County Superior Court (Case No. 114-cv-258570).

**January 2014:** Second CDCAL Case -- *Biosuccess Biotech, Co., Ltd. v. Rich Pharmaceuticals, Inc., IMAGIC, LLC, Richard L. Chang Holdings LLC, and Ben Chang,* Case No.: CV14-00310-PA(JCGx), United States District Court, Central District of California, filed January 2014. This case has been consolidated with case No. 2:13-cv-01340 JAK (ANx) by Court Order on May 22, 2014.

**11. RELIEF**

**Plaintiff's Position:** Ben Chang requests damages for the tortious conduct and breaches of contract, in an amount to be determined, and unpaid salary and wages in excess of $500,000 with interest penalties and attorneys' fees. Ben Chang further requests interest, penalties, and punitive damages for his unpaid wages and other employment damages pursuant to California Labor Code sections 200, 203, 218.5, 226, 558, 1194 and 1994.2.

**Defendants' Position:**

Defendants' position is that no money is owed to Plaintiff.

**12. SETTLEMENT AND ADR**

The parties have met and conferred about settlement and ADR options. In a related case in the Central District of California, the parties engaged in a mediation, though Plaintiff has changed counsel since that time.

Plaintiff believes that a settlement conference before a magistrate judge is most likely to lead to a resolution of this matter. Defendants believe that a settlement conference before a private mediator is the best method of resolution. No additional discovery or motions are necessary to negotiate a resolution. However, Defendants would request that Plaintiff Ben Chang be present in person for the settlement conference. An ADR phone conference is currently scheduled with the Court on June 4, 2014.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties did not consent to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

Certain issues may be narrowed by motion or stipulation following the conclusion of the trial of the case in the Central District of California, and that trial is currently scheduled for September 30, 2014. No request to bifurcate issues, claims, or defenses is anticipated at this time, though both parties reserve their rights to request bifurcation at a later date.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case is suitable for the Court's expedited trial procedure under General Order 64.

//
//
//
//
//

## 17. SCHEDULING

| Event | Plaintiff's Proposal | Defendants' Proposal[1] |
|---|---|---|
| 1. Rule 26(f) Conference | April 30, 2014 | April 30, 2014 |
| 2. Initial Case Management Conference | June 6, 2014 | June 6, 2014 |
| 3. Initial Disclosures | June 30, 2014 | June 30, 2014 |
| 4. Deadline to Amend Pleadings and Join Other Parties | July 31, 2014 | July 31, 2014 |
| 5. Preliminary Pretrial Conference | August 8, 2014 | November 7, 2014 |
| 6. Fact Discovery Cut-Off | August 28, 2014 | December 1, 2014 |
| 7. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | September 12, 2014 | December 11, 2014 |
| 8. Parties Submit Rebuttal Expert Reports | October 6, 2014 | January 5, 2015 |
| 9. Expert Discovery Cut-Off | October 28, 2014 | January 26, 2015 |
| 10. Last Day to File Dispositive Motions | November 4, 2014 | February 2, 2015 |
| 11. Dispositive Motion Hearing | December 12, 2014 | March 13, 2015 |

## 18. TRIAL

**Plaintiff's Position:**  The case will be tried to a jury and is expected to last five (5) days.

**Defendant's Position:**  The case will be tried to either the judge or a jury and is expected to last at least ten (10) days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Pursuant to Civil L.R. 3-16, the Plaintiff certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

---

[1] Defendants' proposal is conditioned upon this case not being transferred.

proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: None.

Pursuant to Civil L.R. 3-16, the Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Richard Chang
2. Zheng Tao Han
3. Chi-Ming Wu a/k/a Fred Wu
4. Biosuccess Biotech Co., Ltd. (Cayman Islands)
5. Biosuccess Biotech Co., Ltd. (U.S.A.)

Dated: May 29, 2014

ENTREPRENEUR LAW GROUP LLP

By:  /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
BEN CHANG

Dated: May 29, 2014

LEE TRAN & LIANG LLP

By:  /s/ Heather Auyang
Enoch Liang
Heather Ayang

Attorneys for Defendants
BIOSUCCESS BIOTECH, CO., LTD. ET AL.