Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEURLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
BEN CHANG

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ben Chang,** an individual, | **Case No. 5:14-cv-00425-LHK** |
| Plaintiff, | |
| v. | **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |
| **Biosuccess Biotech, Co., Ltd.,** a Cayman Islands corporation, and **Biosuccess Biotech, Co., Ltd.,** a Nevada corporation; **Chi-Ming Wu a/k/a Fred Wu**, an individual; and **Zheng Tao Han**, an individual; | |
| Defendants. | |
| **Biosuccess Biotech, Co., Ltd.**, a Cayman Islands Corporation, and **Biosuccess Biotech, Co., Ltd.**, a Nevada Corporation, | |
| Counterclaimants, | |
| v. | |
| **Ben Chang**, an individual, | |
| Counterclaim Defendant. | |

EntrepreneurLaw Group LLP
www.computerlaw.com℠

EntrepreneurLaw Group LLP
www.computerlaw.com<sup>sm</sup>

1    Under the Federal Rules of Civil Procedure (and the Local Rules of this Court), can a

2    party "defend" against a properly noticed motion to dismiss simply by ignoring applicable filing

3    deadlines for any opposition? Of course not; yet, that is precisely what Counterclaimants seek to

4    do here and the Court should not allow it. Rather, the Court should enter an Order dismissing the

5    duplicate counterclaims for the simply reasons that they are duplicative and there is no timely

6    opposition filed by anyone to Plaintiff's timely motion to dismiss.   F.R.C.P., Rule 12(b)(6).

7                                          **ARGUMENT**

8            To summarize the procedural history here and the applicable law requiring dismissal:

9            1. Plaintiff's Motion to Dismiss Defendants' Counterclaims under Rule 12(b)(6) was

10    timely filed on May 8, 2014 (Dkt 27). Plaintiff also filed a Request for Judicial Notice in support

11    of his Motion (Dkt 28).  Accordingly, any opposition by Defendants was due on May 22, 2014,

12    as stated in the ECF notice sent with the filing of the Motion. However, Defendants did not file

13    an opposition to Plaintiff's Motion, and instead filed an *Ex Parte* Application for Order

14    Changing Briefing Schedule for Motion to Dismiss on May 21 (Dkt. 32).

15           2.  Defendants' *Ex Parte* Application does not address the merits of Plaintiff's Motion at

16    all, and cannot be construed as an opposition. Any intended opposition must be filed and served

17    within 14 days after the motion was filed. ND Cal. L.R. 7-3. "Failure to follow a district court's

18    local rules is a proper ground for dismissal" of Defendants' Counterclaims. Ghazali v. Moran, 46

19    F.3d 52, 56 (9th Cir. 1995); see also NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.

20    2002); Fox v. American Airlines, Inc., 398 F.3d 1291, 1294 (D.C. Cir. 2004); Jardin de las

21    Catalinas Ltd. Partnership v. Joyner, 861 F.Supp.2d 12, 16 (D.P.R. 2012) (failure to timely

22    oppose motion constitutes forfeiture).

23           3.  Defendants did not file amended counterclaims, nor did they file an intent to file

24    amended counterclaims as they have in a related case pending before Judge Davila, also in the

25    Northern District of California.

26

27

28
Reply Brief                                         1                          Case No. 5:14-CV-00425-LHK

1    4.   As of the date of this Reply, the Court has not issued an Order on Defendants' *Ex*

2    *Parte* Application as to the briefing schedule. No justification and no prior Order of this Court

3    allows a unilateral extension which neither the Court nor Plaintiff has approved.

4        Accordingly, the Counterclaims should be dismissed. Plaintiff's argument was thoroughly

5    briefed in his moving papers. Defendants' Counterclaims are near carbon copies of claims

6    already raised against Plaintiff in an active lawsuit, and Defendants' tenuous claims related to

7    some alleged, though undefined, trade secret misappropriation fail as a matter of law and fail to

8    meet the established standards for pleading in this district. For all of the reasons above and those

9    set forth in detail in Plaintiff's Motion to Dismiss Defendants' Counterclaims and supporting

10   papers (Dkts. 27–28), the Court should grant Plaintiff's Motion to Dismiss Defendants'

11   Counterclaims without leave to amend.

12

13   Dated: May 29, 2014                     Respectfully submitted,

14                                           ENTREPRENEURLAW GROUP LLP

15                                           By:    /s/ Jack Russo

16                                                  Jack Russo
                                                    Christopher Sargent
17                                                  Attorney for Plaintiff and Counterdefendant
                                                    BEN CHANG
18

19

20

21

22

23

24

25

26

27

28

Entrepreneur**Law** Group LLP
www.computerlaw.com℠